IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MAURICE E. WALKER,
Inmate No. L46404
    Plaintiff,

vs.                                    Case No.: 3:16cv610/RV/EMT

INMATE MAGAZINE SERVICE, INC.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.

Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff, an inmate at Santa Rosa Correctional Institution ("SRCI"), alleges that he ordered five magazine subscriptions from the Defendant magazine company but

never received any magazines to which he subscribed (ECF No. 1 at 5). He therefore claims fraud, negligent misrepresentation, and breach of express warranty by Defendant, as well as a violation of Florida's consumer protection laws. As relief, he seeks a refund of his subscription fees in the amount of $26.00, the cost of the stamp and envelope he used, and damages for mental anguish in the amount of $80,000.00 (*id.* at 7).

Plaintiff's complaint is plainly one brought as a common law cause of action recoverable only under state law. For federal question to exist under Section 1331 of Title 28, a federal question must be presented or apparent on the face of the complaint. Hill v. BellSouth Telecomm., Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) (citing Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001)). Because Plaintiff's claim presents no federal question, only a question of state law, it might be a viable claim in the Florida courts, but it is not in a federal district court. *See* Wyke v. Polk Cnty. School Bd., 129 F.3d 560, 566 (11th Cir. 1997); Giannetti Bros. Const. Corp. v. Lee County, Fla., 585 F. Supp. 1214, 1216–17 (M.D. Fla. 1984).

Moreover, to state a claim under § 1983 as Plaintiff does here, it must be shown that Defendant acted under color of state law when depriving Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See*

Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties such as the Defendant company in this action are not considered state actors for § 1983 purposes. *Id.*

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That this dismissal should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 5th day of December 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**